**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2275
_____

UNITED STATES OF AMERICA

v.

BUNEY CHINNERY,
                              Appellant
_____

On Appeal from the District Court
of the Virgin Islands
(No. 3-22-cr-00033-001)
Chief District Judge:  Honorable Robert A. Molloy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 17, 2024
_____

Before:  JORDAN, SHWARTZ, and BIBAS, <u>Circuit Judges</u>.

(Filed: June 5, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Buney Chinnery appeals his convictions for making a false statement and failing to heave to.[1]  His counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).  We agree and will grant the motion and affirm.

I

A

Around 9:00 p.m. on October 31, 2022, Customs and Border Protection ("CBP") agents were patrolling the waters between the British Virgin Islands and United States Virgin Islands.[2]  Using night vision goggles, an agent spotted a vessel traveling without lights.  Because non-law enforcement boats are required to have their lights on, the agents attempted to stop the vessel using their lights, sirens, and spotlight.  The vessel's captain, identified as Chinnery, turned, made eye contact with the agents, increased throttle, and executed evasive maneuvers.  Around this time, the agents saw passengers on the floor of Chinnery's vessel.  CBP agents then fired two warning flares in front of the vessel.  Chinnery was undeterred and did not stop until copper slugs were shot into the rear motor.

---

[1] "[T]he term 'heave to' means to cause a vessel to slow, come to a stop, or adjust its course or speed to account for the weather conditions and sea state to facilitate a law enforcement boarding[.]"  18 U.S.C. § 2237(e)(2).

[2] Vessels in the customs waters of the United States are subject to its jurisdiction. 18 U.S.C. § 2237(e)(3); 46 U.S.C. § 70502(c)(1)(D).

CBP took control of the vessel and detained those on board, including Chinnery. Chinnery (1) told law enforcement he was coming from the other side of Saint John and was helping passengers whose boat had broken down, (2) identified himself as a resident of the U.S. Virgin Islands, (3) asked CBP how much trouble he was in, and (4) stated that he would not let the situation happen again. Chinnery had more than $1,600 on him at the time of his arrest and, contrary to his earlier statement, was a citizen of the British Virgin Islands. He also spelled his last name incorrectly for agents.

Three of the passengers stated that they paid a trafficker to help them enter the United States illegally via the U.S. Virgin Islands, but that they did not pay Chinnery specifically because they understood that their earlier payment covered their costs. They also corroborated the agents' testimony about CBP's efforts to stop Chinnery's vessel and that Chinnery engaged in evasive maneuvers.

B

Chinnery was indicted for, among other things, making false statements to CBP agents in violation of 18 U.S.C. § 1001(a)(2) and failure to heave to in violation of 18 U.S.C. § 2237(a)(1).[3] At the close of the Government's case-in-chief, the District Court denied Chinnery's motion for judgment of acquittal, concluding that there was sufficient evidence that: (1) Chinnery made false statements as to his residence and rescue of the passengers; and (2) failed to stop his vessel when ordered to do so. Chinnery was

---

[3] Chinnery was also indicted for six counts of attempting to bring in and harbor non-citizens in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), but those counts were resolved in Chinnery's favor by either dismissal or acquittal.

3

convicted of the false statement and failure to heave to charges, and the Court sentenced him to eight months' imprisonment on each count to run concurrently with no term of supervised release.[4]

Chinnery appeals. His counsel moves to withdraw under Anders v. California.[5]

## II[6]

### A

Our local rules allow defense counsel to file a motion to withdraw and an accompanying Anders brief when counsel has reviewed the record and concludes that "the appeal presents no issue of even arguable merit." 3d Cir. R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled [] [R]ule[ 109.2]'s requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled his obligations, we examine the Anders brief to see if it: (1) shows that counsel has thoroughly examined the record in search of

---

[4] On November 2, 2023, Chinnery was released from custody.

[5] Chinnery did not file his own pro se brief despite having the option to do so.

[6] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review to determine whether there are any nonfrivolous issues for appeal, Simon v. Gov't of the V.I., 679 F.3d 109, 114 (3d Cir. 2012) (citing Penson v. Ohio, 488 U.S. 75, 80-83 & n.6 (1988)), but once issues are identified we apply the standard of review applicable to the particular issue before us, see United States v. Schuh, 289 F.3d 968, 974-76 (7th Cir. 2002) (applying, in an Anders case, different standards to different possible claims).

appealable issues, identifying those that arguably support the appeal even if "wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why those issues are frivolous, Marvin, 211 F.3d at 780-81.  If counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised."  United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022).

Counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues in Chinnery's appeal.  First, the brief demonstrates a thorough examination of: (1) a pretrial motion to exclude late-disclosed immigration documents referencing three witnesses; (2) the opening statements; (3) the admissibility of a demonstrative exhibit; (4) the sufficiency of the evidence;[7] (5) the jury instructions; (6) the closing arguments; (7) the jury deliberations; and (8) sentencing.[8]  Second, the brief explains why any challenge to the convictions or sentence would be frivolous under the governing law.  Counsel's Anders brief is therefore sufficient, and we will proceed to review the issues counsel identified.  Youla, 241 F.3d at 300.

B

1[9]

---

[7] Chinnery's counsel correctly notes that any issues related to the counts for which Chinnery was acquitted are moot.  See United States v. Dixon, 658 F.2d 181, 193 (3d Cir. 1981).

[8] Because the United States District Court of the Virgin Islands has jurisdiction over federal offenses, 18 U.S.C. § 3231; 48 U.S.C. § 1612, and Chinnery was charged with federal offenses, the Court had jurisdiction over his case.

[9] We review for plain error any issues not preserved before the District Court. United States v. Loy, 191 F.3d 360, 369 & n.6 (3d Cir. 1999) (citations omitted).  In reviewing for plain error, we must decide whether "(1) an error occurred, (2) the error is 'plain,' and (3) it 'affect[s] substantial rights.'"  United States v. Payano, 930 F.3d 186,

5

Six of the eight issues that Chinnery's counsel identified were not preserved before the District Court and are therefore subject to plain error review. United States v. Loy, 191 F.3d 360, 369 (3d Cir. 1999). Because there were no errors, there are no nonfrivolous arguments that could be made in connection with them.[10] See Youla, 241 F.3d at 300; Fed. R. Crim. P. 52(b); 3d Cir. R. 109.2(a).

2[11]

The two issues Chinnery did preserve do not provide a basis for relief. First, at trial, the Government offered a demonstrative video of a CBP vessel activating its lights at night. The District Court overruled Chinnery's objection to the video, concluding that

---

192 (3d Cir. 2019) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). If these conditions are met, "a court of appeals should exercise its discretion to correct the error if [failing to do so] would 'seriously affect[] the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting Olano, 507 U.S. at 732).

[10] First, the pretrial motion, concerning the passengers' immigration documents is moot because that evidence was not presented at trial. Second, there were no errors in the opening statements. Third, the jury instructions mirrored the Third Circuit Model Jury Instructions, the Government's objections to the instructions were overruled, and there were no apparent errors in the instructions. Fourth, there were no improper closing arguments. Fifth, the Court responded to the jury's two notes: first, to a non-substantive, computer-related technical question; and second, in the manner Chinnery requested concerning the evidentiary burden of proof. See also United States v. Maury, 695 F.3d 227, 256-57 (3d Cir. 2012) (invited error doctrine). Sixth, the jury was properly polled. Seventh, Chinnery has completed his procedurally and substantively reasonable within-Guidelines jail sentence, Rita v. United States, 551 U.S. 338, 346-47 (2007); United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010), and because he was not sentenced to supervised release, any sentencing arguments are moot, see United States v. Wright, 642 F.3d 148, 155 n.7 (3d Cir. 2011).

[11] We review evidentiary rulings for abuse of discretion, which occurs when "no reasonable person would adopt" a trial court's "arbitrary, fanciful, or clearly unreasonable" decision. United States v. Green, 617 F.3d 233, 239 (3d Cir. 2010) (quotation marks and citations omitted).

the demonstrative reenactment video was "substantially similar to the conditions of the incident in question[.]" App. 343-45.

We have "recognized the broad latitude of the trial judge in ruling on questions of admissibility," including with respect to the "admission of 'demonstrative evidence[.]'" United States v. Rockwell, 781 F.2d 985, 986 n.3 (3d Cir. 1986) (citations omitted)). Here, the District Court watched the video, heard argument, and, after comparing any differences, concluded that the demonstrative video and the testimony regarding the circumstances surrounding the offense conduct were substantially similar. Although the CPB vessel from which the demonstrative video was taken was larger than Chinnery's vessel, both vessels were a "similar distance above the water" and thus any size difference was "of little significance" given the purpose for which the video was introduced. App. 344. Furthermore, the weather and sea conditions, time of night, vantage point, distance from the CBP vessel, and type of CBP vessel were similar to the events and vessels involved in the incident. The Court also told the jury that the demonstrative video was to be considered only with respect to testimony about the CBP vessel's lights and that the video did not depict the events from the night in question.

Because there were substantial similarities between the events as described and the demonstrative video, we cannot say that "no reasonable person would adopt" the District Court's evidentiary ruling or that it was "arbitrary, fanciful, or clearly unreasonable[.]" United States v. Green, 617 F.3d 233, 239 (3d Cir. 2010) (quotation marks and citations omitted).

7

Second, the evidence was sufficient to support Chinnery's convictions for making a false statement and failing to heave to, and thus there is no nonfrivolous challenge to the order that denied the motion for judgment of acquittal.

As to the false statement conviction, the Government proved that Chinnery knowingly and willfully made a false statement about a material matter within the federal government's jurisdiction. See United States v. Moyer, 674 F.3d 192, 213 (3d Cir. 2012) (elements). The jury heard evidence that, contrary to his statements to CBP, Chinnery (1) had not picked up the passengers from a stranded boat, (2) had not come from Saint John, and (3) was not a resident thereof. Chinnery captained the vessel and thus would know where the passengers boarded and from where his vessel departed. This information was material because those facts relate to whether the passengers were noncitizens seeking to unlawfully enter the United States. Accordingly, there was sufficient evidence to support the false statement conviction.

As to the failure to heave to conviction, the evidence showed Chinnery operated a vessel in the jurisdiction of the United States and failed to obey federal law enforcement officers' orders to stop. 18 U.S.C. § 2237(a). More specifically, the jury heard testimony that: (1) CBP agents observed Chinnery's vessel within the customs waters of the U.S. Virgin Islands without its lights on; (2) the agents activated their lights, sirens, and

---

[12] We review a motion for judgment of acquittal de novo, applying the same standard as a district court, drawing inferences in favor of the jury's verdict, and viewing the evidence in the light most favorable to the Government. United States v. Smith, 294 F.3d 473, 476-77 (3d Cir. 2002).

spotlight; (3) Chinnery made eye contact with the agents and then immediately undertook evasive action; and (4) Chinnery ignored verbal comments and warning flares shot over his vessel and stopped only after copper slugs struck his vessel's motor.[13]  Accordingly, there is sufficient evidence to support the failure to heave to conviction.  Id.

Thus, any challenge to the order denying the motion for judgment of acquittal lacks merit.

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.

---

[13] There was also evidence that Chinnery misspelled his name when providing it to CBP agents, asked the agents about being in trouble, and said that he would not let what happened occur again.  These statements provide circumstantial evidence of consciousness of guilt.  See Gov't of V.I. v. Lovell, 378 F.2d 799, 806-07 (3d Cir. 1967) (citation omitted).